Johnson, C. J. This case was brought into this court by appeal, to reverse the decision of the court below, overruling the motion for a new trial. The bill of exceptions exhibits several points for our adjudication, each of which will be disposed of, in the order there presented* The question first to be determined is, whether a tender in the currency of Arkansas at any time after the obligation fell due, could operate to protect the defendant from its payment in the constitutional currency of the country. The instrument upon its face, is in the alternative, and there can be no doubt but that it could have been discharged in the currency of Arkansas, in case the maker, by his own laches, did not deprive himself of that right. The legal interpretation of the contract is, that it may be discharged, on or before the day of its maturity, in Arkansas currency; but if not so discharged, then to become a specie debt. It is not pretended that any attempt was made to make payment until after the bond had reached maturity; but in order to excuse the omission an effort is made to show that the agent of the plaintiff concealed and kept it out of tire way, so as to prevent its payment, and thereby to convert it into a specie debt. How this really was in point of fact, is wholly immaterial as it can have no influence upon the question involved. It is by no means essential that the debtor should be actually presented with the paper constituting the evidence of the contract between the parties, in order to enable him to make a complete legal tender. He is authorized to make the tender, on the last business hour of the day, upon which the debt falls due, and if he avails himself of Iris legal rights, he cannot be deprived of their benefit, by the neglect or refusal of the creditor to receive the thing contracted for, and to deliver up the evidence of the debt. The next step taken by the plaintiff, in tire progress of the trial, was to prove that their agent, before and at the time the debt became due, resided in the vicinity of the defendant. This testimony was resisted upon the ground that the witness was a security in the bond for the costs of the suit. The objection was sustained by the court, and the reason assigned is, that the bond for costs, being a pre-requi-site to the commencement of the suit, it could not be cancelled and another substituted in lieu of it. It appears affirmatively by the record that the plaintiff tendered good and sufficient security, and offered to execute a new bond, conditioned for the payment of all costs that had or might accrue. The opinion of the court delivered in the case of McLain’s admr’x v. Churchill et al., reported in the fifth volume of the Arkansas Reports, at page 240, is directly in point, and conclusive against the decision of the Circuit Court in this case. After the testimony was closed, the court was called upon for sundry instructions. The plaintiff first moved the court to instruct the jury that it was the duty of Tuttle, the defendant, to seek the plaintiffs, or their agent, if resident in the county where the debt was contracted, and to tender the Arkansas currency, or seek so to do, on the day the writing fell due, and that if he failed to do so, the jury should find for the plaintiffs. This the court refused, but proceeded to instruct as follows, to wit: “That if a note be made payable in Arkansas currency, or money in the alternative, on or before a particular day, the maker of the note is bound to pay, or tender the Arkansas currency, on or before the day the note fell due; and that if he failed to do so, his election is gone, and the maker of the note is bound to pay the money: And that if the jury believe that the Arkansas currency was not tendered until three days after the writing obligatory became due, they must find for the plaintiffs. ’ ’ The court ruled correctly in refusing to instruct the jury in the terms indicated, as they would have been fully warranted in supposing that in case the creditors resided beyond the limits of the county where the contract was made, that there would be no necessity of using any exertion whatever to make the tender. The instruction given by the court was a substantial compliance with the law, and, therefore, correct. It is laid down in the case of Smith v. Smith, 2 Hill, N. Y. R. p. 351, that “In general, if no place for the payment of money be specified in a contract, the party who is to make the payment, must seek the other parly, if within the State; and a tender at the residence of the latter during his absence will not avail. ” The court also gave other instructions without the request of either party; some of which have already been virtually passed upon, and the rest are mere abstract propositions as having no evidence upon which they can be based. The defendant having wholly failed to tender the amount of the obligation, at any time during the day that it fell due, in Arkansas currency, or to show any legal excuse-for his failure to do so, the debt became payable from that time alone in constitutional'currency. It is not pretended that.any attempt was made to discharge it in specie subsequent to its becoming a specie debt; it is, therefore, clear that no facts were adduced before the court, which would relieve the defendant from the costs of the suit. The Circuit Court, therefore, clearly erred in refusing a new trial. ■ Judgment reversed.