Mr. Justice Walker delivered the opinion of the Court (on the motion to dismiss.) It is conceded that this Court has jurisdiction, by appeal or writ of error, only from the final decisions and judgments of the Circuit Courts. And the point at issue in this case, is, whether the judgment of the Circuit Court is final or not. A judgment, to be final, must dismiss the parties from the Court, discharge them from the action, or conclude their rights to the subject matter in controversy. (Campbell vs. Sneed, 5 Ark. R. 399.) The question presented to the Circuit Court, although by motion, must be considered as properly a proceeding in abatement of the writ. The judgment of the Court upon the motion was “ that the writ be quashed, and the defendants recover of the plaintiff tfieir costs in that behalf expended.” According to the decisions in the cases of the State, use, &c. vs. Adams et al., (4 Eng. 33,) and Hartley vs. Tunstall et al., (3 Ark. 124,) when the writ is quashed the defendants are discharged until brought again before the Court by new process. And the point of greatest difficulty to be determined is, whether, when the writ is quashed, the action is thereby abated, and the plaintiff also dismissed from Court, or whether he has still day in Court, and, if so, for what available purpose. It was held in Hartley vs. Tun-stall el al., that it was error to render a final judgment dismissing the parties from Court, and rendering judgment for costs. And in the case of Haynes vs. McCormick, (5 Ark. 683,) the same decision was made. In both of these cases, however, as well as in that of The State, use, &c. vs. Adams et al., it was decided that the legal effect of the judgment quashing the writ was a dismissal of the case. This being the effect of the judgment, the parties are necessarily dismissed from the Court, and unless the decision of the Circuit Court is reversed or set aside, there is no remedy afforded them. Carroll, for the plaintiff. (On the merits.) Byers & Patterson, contra. As a general rule, “a record im-porteth absolute verity;” but the transcript in this case, certified by the clerk, with the letters “L.S.” within a scrawl, attached to the writ, does not prove, contrary to the finding and judgment of the Court, that “ tbe writ was sealed with the seal of the Circuit Court.” "We must not be understood as deciding that, in every instance where the writ is irregular or merely voidable, and the defect is pointed out, the judgment must necessarily have the effect to dismiss the action. There are very many defects which are amendable and others which amount only to temporary disabilities. Thus it is held in 1 Chit. Pl. 466, “ That the judgment for the defendant on a plea in abatement, whether it be on an issue of fact or law, is that the writ be quashed; or if a temporary disability be pleaded, that the plaint remain without day until,” &c. There is also a marked distinction between this case, and those in which the Circuit Court has acquired jurisdiction of the person of the defendant; for until such jurisdiction is acquired, the Court has no power to render a judgment in any matter affecting the merits of the controversy or otherwise, only so far as he has submitted himself to its jurisdiction for the purpose of interposing his motion to quash. The motion to dismiss must be overruled. The Court is presumed to know its own seal; and adjudicates, upon inspection of the writ, that it is not sealed with that seal; the effect of the clerk’s certificate is merely that the writ was sealed, not that it was sealed with the seal of the Circuit Court; it may have been with some other seal. But if he had so certified, his certificate could not be received to disprove the finding and judgment of the Court. The presumption of law in favor of the judgment of the Circuit Court attaches in this case, because the bill of exceptions does not contain all the evidence in the cause. Mr. Justice Walker delivered the opinion of the Court (on the merits.) At the return term the defendants moved the Court to set aside and quash the writ of summons issued against them, because the writ was not sealed with the seal of said Court: and thereupon the plaintiff interposed her motion to disregard the motion as frivilous and tendering no issue to be tried, which was sustained by affidavit of the clerk stating that the writ was, when issued and yet is, sealed with the proper seal of his office. The Court overruled the plaintiff’s motion, and sustained the defendant’s motion to quash the writ, whereupon judgment was rendered quashing the writ and for costs in that behalf expended. The plaintiff excepted and tendered her bill of exceptions containing the writ, motions, and the clerk’s affidavit. The writ copied into the bill of exceptions and on the record, purports to be sealed with the seal of said Circuit Court, and has affixed to it, at the place where the seal is usually affixed, the letters “L.S.” with a scrawl around them, indicating, as far as a transcript can, that the writ was duly sealed with the seal of office; nor is there any thing in the record which could cast a shade of suspicion upon the sufficiency of the writ, as it appears to us, unless the motion and judgment of the Court would have that effect. That such is the effect of either, would be conceding the point at issue and making the decision of the Court evidence of its own correctness. The motion was negative in its character, simply denying that the writ was sealed with the official seal of the Court. This fact could be determined only by inspection of the record. The Circuit Court decided that it was not so sealed, and quashed the writ, and we are called upon to decide upon the correctness of this decision. We find before us a duly certified record under the official seal of the Court, purporting to certify a full and complete transcript of the record in the case: upon looking into the record, it affirmatively appears that it is sealed, and that by the attestation thereto, it is sealed with the seal of said Court. It is contended, however, that, as there is no bill of exceptions presenting all the evidence, which was before the Court below, or which negatives that any other evidence than the record was presented for its consideration, we must presume that other and sufficient evidence was before that Court to warrant its decision. If the issue presented to the Court had admitted other evidence than the record by inspection, and the plaintiff in error had failed to show affirmatively what evidence was before the Court, the rule contended for would have applied in this case. Such, however, is not the nature of this issue. A motion to quash is at best a questionable practice, but is never allowed unless it be for defects apparent on the face of the record. Matters de hors the record can only be reached by plea. If the defect in the writ was of such a character as to require additional proof to that apparent of record, then the motion of the plaintiff to strike it out should have prevailed. The Circuit Court, therefore, in determining upon the motion, could alone inspect the writ to see whether it was sealed or not. If there was really no seal to the writ, then the clerk has falsely certified the record to this Court, and, upon a proper suggestion, this Court would award process directing the clerk to send upa perfect record, but, as decided at the present term, it will not undertake to instruct that officer as to what is truly of record in his office.' If there was a seal, the rule of evidence is, that the seals of Court, for the administration of justice, prove themselves. (3 Phill. Ev., p. 1061, Hill & Cow. notes.) The seals of the King’s Courts are a part of the constitution of the Courts, and are supposed to be known to all. (1 Stark. Ev. 150.) It is undoubtedly a general rule that every country recognizes the seals of its own tribunals without further proof accompanying them. Delafield vs. Hand, 3 J. R. 314. The Circuit Judge, when he finds a seal attached by the proper officer to the writ, purporting to be the seal of such office by the attestation and official signature of the clerk, is as much bound to receive it as his, as he would if, upon inspection of the writ, he should not be familiar with the signature of the clerk and require proof that it was truly his signature, or require proof of the signature of the sheriff to his return for the same reason. In either or all of these cases, it does not depend upon the fact as to whether the judge, in point of fact, is enabled to recognize the particular device or impression as the seal of his Court and therefore approves it, or that he is familiar with the signature of his clerk or sheriff, and upon inspection is enabled to say whether they are their genuine signatures, but upon that public trust and confidence which, in the administration of the law and government, must be given to these acts, as forming a basis for judicial and legislative proceedings. No opinion is designed to be expressed as to the effect of fraud or forgery, when the writ is objected to on these grounds. These questions are not presented by the state of facts before us, and we reserve the consideration of them until they legitimately arise. The record as it stands before us is entitled to full faith and credit, importing absolute verity. We are restricted in our investigation to the facts therein disclosed : and, upon examination, it affirmatively appears that the writ is duly attested and sealed with the seal of said Court. The Circuit Court, therefore, erred in sustaining the defendant’s motion to quash the writ, and in rendering judgment against the plaintiff for costs. Let the judgment of the Independence Circuit Court be reversed, and the cause remanded to be proceeded in according to law. Note.—The above decision disposed of the Bank of the State vs. Mason et al. Same vs. Sherrill et al. Same vs. Bates & Flournoy. Same vs. Criswell. Same vs. Sherrill et al. Same vs. Bates. Same vs. Same.